## WAISMAN v. LANDMAN et al.

(Supreme Court, Appellate Term. June 24, 1910.)

BILLS AND NOTES (§ 462*)—INDORSERS—SUITS AGAINST—COMPLAINT—REQUI-
SITES.

To render one liable on a note as indorser, the complaint must show
indorsement, demand for payment, due protest, etc.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1444,.
1445, 1447–1473; Dec. Dig. § 462.*]

Appeal from Municipal Court, Borough of Manhattan, Second Dis-
trict.

Action by Louis Waisman against Beril Landman and another.
From an interlocutory judgment overruling a demurrer to the com-
plaint, defendant Henry Solomon appeals. Reversed.

Argued before SEABURY, GUY, and BIJUR, JJ.

John D. Nussbaum, for appellant.
Joseph P. Segal, for respondent.

PER CURIAM. This action was brought against the two defend-
ants upon a promissory note. The complaint sets forth that the de-
fendant Landman made his note payable to the plaintiff, giving the
date and amount thereof, and then avers that the same was presented
at maturity at the place of payment, and payment demanded and re-
fused, and that the same was duly protested, of which the "defend-
ants" had due notice. The defendant Solomon demurred to the com-
plaint upon the ground that as to him it did not state facts sufficient
to constitute a cause of action. His demurrer was overruled, and
from an interlocutory judgment entered thereon he appeals.

There is no allegation in the complaint of any indorsement upon
the note, by Solomon or any one else, and there is nothing to show, or
tending to show, any liability existing in favor of the plaintiff against
the defendant Solomon. The cases cited by respondent apply to ac-
tions between maker and payee, but have no application to an indorser
of a note. To render a defendant liable on a note as an indorser, the
complaint must show such indorsement, demand for payment, due
protest, etc.

Interlocutory judgment reversed, with costs, and judgment against
defendant Solomon vacated, with leave to plaintiff to amend his com-
plaint within six days, upon payment of costs in this court and in the
court below.